**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

ADAM BRASCHLER, and wife,
RENEE BRASCHLER, individually,
and as the natural parents and next
friends of their minor child,
HUDSON BRASCHLER,

      **Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

No. _____

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW the Plaintiffs, Adam Braschler, and wife, Renee Braschler, individually, and as the natural parents and next of friends of their minor child, Hudson Braschler (collectively, "Plaintiffs"), and bring this action for damages against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for personal injuries realized as a direct and proximate result of the negligent actions of employees or agents of the Department of the Interior ("DOI") and/or its component, the National Park Service ("NPS"), in performing their duties within the course and scope of their employment or agency. In support of their Complaint, Plaintiffs state as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346, 2401, and 2671-2680, against Defendant for damages arising from the negligent acts or

omissions on the part of employees or agents of the DOI and/or NPS working at the Stones River National Battlefield in Murfreesboro, Tennessee.

2.      Plaintiffs timely submitted a claim for damages to the DOI on July 29, 2025 pursuant to the FTCA, 28 U.S.C. § 2671-2680. [See Exhibit 1 – Claim Form 95].

3.      Plaintiffs' claim was served on the DOI via certified mail on August 15, 2025. [See Exhibit 2 – Domestic Return Receipt].

4.      On February 17, 2026, the DOI issued a final determination with a notice of suit rights with reference to Plaintiffs' claim. [See Exhibit 3 – Notice of Suit Rights].

5.      28 U.S.C. §2401(b) allows Plaintiffs to file a lawsuit within six (6) months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

6.      The claims advanced herein arise out of certain actions, omissions and otherwise negligent conduct by employees of the DOI and/or NPS, a component of the DOI and authorized agent of Defendant, which resulted in damages to Plaintiffs.

7.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1346(b)(1).

8.      Venue is properly within the Middle District of Tennessee pursuant to 28 U.S.C. § 1402(b), as Plaintiffs' claims arose here and the acts complained of occurred within this District.

**PARTIES**

9.      Plaintiff Adam Braschler ("Mr. Braschler") is a lawful citizen of the United States and a resident of Sonoma County, California.  Mr. Braschler is Hudson Braschler's biological and legal father.  Mr. Braschler and Plaintiff Renee Braschler are husband and wife and have been at all times pertinent to the facts of this cause.

10. Plaintiff Renee Braschler ("Ms. Braschler") is a lawful citizen of the United States and a resident of Sonoma County, California. Ms. Braschler is Hudson Braschler's biological and legal mother. Ms. Braschler and Plaintiff Adam Braschler are husband and wife and have been at all times pertinent to the facts of this cause.

11. Plaintiff Hudson Braschler ("Hudson") is the biological and legal minor child of Plaintiffs Adam and Renee Braschler. Hudson resides with his mother and father at their home in Sonoma County, California.

12. Defendant is the United States of America. At all relevant times herein, the negligent actions and/or inactions giving rise to the Plaintiffs' claims were undertaken by persons and/or entities – inclusive of any and all persons employed by the National Park Service ("NPS"), a component of the Department of Interior ("DOI"), at the Stones River National Battlefield in Murfreesboro, Tennessee – who were also "employees of the [U.S.] government," as the term is defined by 28 U.S.C. §2671.

13. The NPS is a component of the DOI and an agency of the USA. The NPS owns, manages, controls, operates and/or maintains the 417 parks of the National Park System, including the Stones River National Battlefield in Murfreesboro, Rutherford County, Tennessee. At all times referred to herein, the USA, its agencies, employees and agents, whether named or unnamed herein, were acting under color of federal law, statutes, ordinances, regulations, policies, customs, practices and usages of the USA, pursuant to their authority thereunder. Specifically, at all times relevant to this lawsuit, the employees and/or agents working at the Stones River National Battlefield, were performing services for the NPS, and, therefore, were governmental employees acting in the course and scope of their employment, for whose actions or omissions the USA, is liable.

14.     Defendant can be served with process via the Attorney General, Todd Blanche, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, or via Braden H. Boucek, United States Attorney, Middle District of Tennessee, U.S. Attorney's Office, 719 Church Street, Suite 3300, Nashville, Tennessee 37203, both of whom are agents authorized to accept service of process for the United States.

**FACTS**

15.     In the afternoon of July 20, 2024, Mr. and Ms. Braschler and their nine-year old son Hudson were visiting with family at Stones River National Battlefield in Murfreesboro, Rutherford County, Tennessee.

16.     On July 20, 2024, Hudson and his family were lawful invitees and visitors at Stones River National Battlefield.

17.     As the family gathered for a photo session, Hudson sat on top of a heavy steel bike rack, straddling the bar, while waiting his turn for photos.  The bike rack was located on a sidewalk area at Stones River National Battlefield.

18.     Unbeknownst to Hudson and his family, the heavy steel bike rack was not secured to the ground in any way.

19.     Suddenly and without warning, the heavy steel bike rack began to tip over.

20.     Hudson shouted for the other children nearby to watch out as the bike rack began to fall.

21.     Hudson was not strong enough to stop the bike rack from falling on his lower right leg and foot.

22.     Hudson's right foot and right lower leg were crushed under the weight of the heavy steel bike rack.

23. It took two adult men to lift the bike rack off Hudson.

24. Upon examination of the bike rack, there were holes in the feet of the bike rack intended to anchor the rack to the ground. However, there were no bolts or any other type of anchors securing the heavy steel bike rack to the sidewalk area.

25. There were no warning signs or displays near the unsecured heavy steel bike rack at the time the bike rack fell on Hudson's right foot and right lower leg.

26. Plaintiffs did nothing to cause or contribute to this incident or their damages.

27. As the direct and proximate result of the foregoing incident, Hudson sustained serious personal injuries necessitating immediate, emergency medical attention.

28. As the direct and proximate result of the foregoing incident, Hudson suffered and continues to suffer from serious and permanently disabling injuries.

29. Prior to the foregoing incident, NPS, a component of the DOI, and an agency of Defendant, knew, or reasonably should have known, that the unsecured heavy steel bike rack was a danger and/or hazard for invitees to Stones River National Battlefield, such as Hudson, his family, and other persons visiting Stones River National Battlefield, but NPS failed to take steps to eliminate or significantly reduce the risk to invitees by failing to properly secure the heavy steel bike rack to the sidewalk with anchors or bolts, as the bike rack was specifically designed to do.

30. Prior to the foregoing incident, NPS, a component of the DOI, and an agency of Defendant, had actual and constructive notice of the fact that the heavy steel bike rack was a danger and/or hazard because it was not properly secured to the sidewalk with any anchors or bolts, but NPS failed to take steps to either properly secure the bike rack to the sidewalk with anchors or bolts or warn patrons, such as Hudson and his family, of the danger and/or hazard of the unsecured heavy steel bike rack.

31. As the direct and proximate result of his injuries, Hudson has endured an enormous amount of physical pain and suffering, lost enjoyment of life, and sustained a permanent injury.

32. Plaintiffs have incurred substantial and reasonable medical expenses for the necessary and reasonable medical treatment of Hudson's injuries.

33. Based on the foregoing facts, Plaintiffs are entitled to the relief set forth below.

## <u>COUNT I</u>
### Negligence

34. Plaintiffs incorporate by reference all the prior allegations in this Complaint.

35. At all times relevant to the allegations set forth herein, NPS was a component of the DOI, and an agency of Defendant, that owned, managed, controlled, operated and/or maintained the Stones River National Battlefield for the public.

36. At all times relevant to the allegations set forth herein, NPS, a component of the DOI, and an agency of Defendant, owed a duty of care to invitees and visitors at Stones River National Battlefield, such as Plaintiffs on the date of the incident, to make sure that invitees and visitors were protected from the unsafe and dangerous condition that existed at the time the unsecured heavy steel bike rack fell and caused Hudson's injuries on July 20, 2024.

37. NPS, a component of the DOI, and an agency of Defendant, breached its duty of care to invitees and visitors at Stones River National Battlefield, including Plaintiffs on the date of the incident, by failing to take steps to either properly secure the bike rack to the sidewalk with anchors or bolts, as it was specifically designed to do, or warn patrons of the danger and/or hazard of the unsecured heavy steel bike rack.

38. NPS, a component of the DOI, and an agency of Defendant, failed to maintain Stones River National Battlefield properly and failed to recognize an unsafe and dangerous

condition it created with the unsecured heavy steel bike rack, which constituted a trap for invitees and visitors, such as Plaintiffs.

39. The unsafe and dangerous condition created by NPS, a component of the DOI, and an agency of Defendant, that existed at the Stones River National Battlefield on July 20, 2024 when the unsecured heavy steel bike rack suddenly fell on Hudson's right leg and right foot, had already been noticed by employees and/or agents of Defendant prior to the incident.

40. The unsafe and dangerous condition that existed at the Stones River National Battlefield on July 20, 2024 when the unsecured heavy steel bike rack suddenly fell on Hudson's right leg and right foot, and which constitutes the proximate cause of his resulting injuries, had existed for a sufficient period of time that it should have been discovered and eliminated by Defendant's employees and/or agents.

41. NPS, a component of the DOI, and an agency of Defendant, failed to operate the Stones River National Battlefield in such a manner as to make it a safe place for invitees and visitors such as Plaintiffs to frequent.

42. NPS, a component of the DOI, and an agency of Defendant, failed to exercise the appropriate degree of care owed to invitees and visitors such as Plaintiffs in order to prevent them from being injured.

43. NPS, a component of the DOI, and an agency of Defendant, was responsible for exercising a reasonable degree of care to see that invitees and visitors to the Stones River National Battlefield were protected from the unsafe and dangerous condition that existed at the time of Hudson's resulting injuries on July 20, 2024.

44. Defendant's failure to exercise the appropriate degree of care for invitees and visitors lawfully visiting the Stones River National Battlefield, such as Plaintiffs on July 20, 2024,

and while they came and went near the unsecured heavy steel bike rack, was the proximate cause of the incident described herein and the resulting injuries to Plaintiffs.

45. The discretionary function exception to the FTCA does not apply because the employees and/or agents of NPS, a component of the DOI, and an agency of Defendant, violated mandatory safety regulations or policies, leaving no room for policy-based discretion.

46. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained and are entitled to recover compensatory damages, including but not limited to serious and painful personal injuries, healthcare expenses, physical pain and suffering, loss of enjoyment of life, permanent injury and scarring, impairment, emotional harm, mental suffering and anguish, stress and anxiety, inconvenience, litigation expenses, interest, and costs.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief from this Court:

(a) That proper process and issue be served upon Defendant, and it be required to answer this Complaint, within the time allowed by law;

(b) That Plaintiffs recover compensatory damages in an amount to be determined at trial, but an amount not to exceed ONE MILLION DOLLARS AND NO/100 ($1,000,000.00);

(c) That Plaintiffs be awarded litigation expenses, interest, and costs as a result of Defendant's negligence;

(e) That Plaintiffs have such other and further relief as the Court may deem proper considering the nature of this cause; and

(f) Plaintiffs demand a bench trial in this action of all issues.

Respectfully submitted this 7th day of April, 2026.

/s/ J. Stephen Aymett, Jr.
J. STEPHEN AYMETT, JR. (TN BPR #034132)
RUCKER & AYMETT, P.C.
14 Public Square, North
Murfreesboro, TN  37130
Tel.: (615) 893-1134
Fax: (615) 895-6334
saymett@ruckerlaw.com

*Attorney for Plaintiffs*